UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTURO ALEXANDER BARRIENTOS,<br><br>Plaintiff,<br><br>v.<br><br>BOARDMAN MORROS COUNTY OREGON STATE et al.,<br><br>Defendants. | CASE NO. 2:15-CV-01641-RJB-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: NOVEMBER 20, 2015 |

On October 14, 2015, Plaintiff, who is housed at the Northwest Detention Center, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 in the above titled action. Plaintiff claims the Morrow County Court in Oregon violated Plaintiff's constitutional rights by failing to give Plaintiff the chance to prove his innocence related to an incident on August 25, 2013. Dkt. 1-1. The undersigned recommends that this case be transferred to the District Court of Oregon, where venue is proper.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

It is clear from Plaintiff's Complaint that Plaintiff's claims arise out of actions alleged to have been committed by the Morrow County Court in Oregon before Plaintiff's incarceration at the Northwest Detention Center. *See* Dkt.1-1. The Morrow County Court is located in Morrow County, Oregon, which is within the venue of the District of Oregon. *See* 28 U.S.C. §§ 84(b). Thus, venue is proper in the District of Oregon, not the Western District of Washington.

**CONCLUSION**

Accordingly, it is recommended that in the interest of justice, the above-titled action be transferred to the United States District Court for District of Oregon and that this case be closed. In light of the transfer, the Court should defer to the District of Oregon with respect to Plaintiff's application to proceed *in forma pauperis* (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

REPORT AND RECOMMENDATION - 2

1 | Procedure, the parties shall have fourteen (14) days from service of this Report and
2 | Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections
3 | will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 1401
4 | (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the
5 | matter for consideration on **NOVEMBER 20, 2015** as noted in the caption.
6 | Dated this 29th day of October, 2015.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3